MÉNDEZ, PETICIONARIA Y APELADA, *v.* MARTÍNEZ, OPOSITOR Y APELANTE.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre declaratoria de herederos.

No. 2364.—Resuelto en marzo 17, 1921.

COSA JUZGADA—RES JUDICATA.—Se trata de obtener mediante una moción la nulidad de una orden sobre declaratoria de herederos; pero como esa cuestión

de nulidad ha sido ya resuelta en sentido negativo al decidir moción ante-
rior sobre la misma nulidad, no cabe levantarla de nuevo por impedirlo la
cosa juzgada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. V. P. Martínez.*

Abogado de la apelada: *Sr. J. B. García.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Con fecha 31 de octubre de 1916, Cecilia Méndez presentó
solicitud jurada a la Corte de Distrito de Aguadilla con sú-
plica de que dictara una orden declarando que además del
heredero legítimo Víctor Primo Martínez y González eran
también herederos abintestato del finado Víctor Martínez y
Martínez sus hijos naturales reconocidos Pedro Angel y
Laura María Martínez y Méndez en la porción que deter-
mina la ley.

En dicha solicitud alegaba la peticionaria que Víctor Mar-
tínez y Martínez, vecino que fué de San Sebastián, del Dis-
trito Judicial de Aguadilla, falleció en dicho pueblo el 26
de agosto de 1912; que por sentencia firme de la Corte de
Distrito de Mayagüez, dictada en 27 de septiembre de 1912,
Víctor Primo Martínez y González fué declarado único y
universal heredero abintestato de su padre Víctor Martínez
y Martínez; que posteriormente la Cecilia Méndez, como
madre representante legal de sus menores hijos Pedro An-
gel y Laura María Méndez, estableció demanda contra Víc-
tor P. Martínez y González sobre reconocimiento de hijos
naturales, en cuyo pleito la Corte de Distrito de Aguadilla
dictó sentencia en 4 de enero de 1915 declarando que Pedro
Angel y Laura María son hijos naturales reconocidos de
Víctor Martínez y Martínez, con derecho a llevar el apellido
de su referido padre natural y a percibir la cuota hereditaria
correspondiente; y que esa sentencia, en grado de apelación,
fué confirmada por esta Corte Suprema en 24 de junio de
1916.

La anterior solicitud fué resuelta de conformidad por orden de 26 de enero de 1917, por la que la Corte de Distrito de Aguadilla declaró que además del heredero legítimo Víctor Primo Martínez y González son también herederos abintestato del finado Víctor Martínez y Martínez, en la porción que determina la ley, sus hijos naturales reconocidos Pedro Angel y Laura María Martínez y Méndez.

Posteriormente, en 31 de julio de 1919, Víctor P. Martínez presentó a dicha corte moción jurada con súplica de que se le relevara de los efectos de la resolución de 26 de enero de 1917, que no le había sido notificada, dejándola sin efecto en todas sus partes, así como todo lo ejecutado y actuado en virtud de ella. Y para sostener sorpresa y equivocación en el procedimiento alega Víctor P. Martínez que la Corte de Aguadilla al dictar la resolución de 26 de enero de 1917 no tenía jurisdicción pues la peticionaria Cecilia Méndez no había alegado ni justificado el último domicilio del causante Víctor Martínez y Martínez ni el interés de los menores Pedro Angel y Laura María en la supuesta herencia del mismo; que la corte al dictar la resolución de 26 de enero de 1917 enmendando y adicionando la sentencia de la Corte de Distrito de Mayagüez por la que Víctor P. Martínez en procedimiento *ex-parte* había sido declarado único y universal heredero de sus legítimos padres Víctor Martínez y Martínez y Secundina González y Gómez carecía de jurisdicción, pues ésta competía a la Corte de Distrito de Mayagüez y no a la de Aguadilla, y que Cecilia Méndez con la solicitud de que sus menores hijos Pedro Angel y Laura María fueran declarados en unión de Víctor P. Martínez y González herederos de Víctor Martínez y Martínez ocultando los hechos ya expresados, había dado motivo a que una cuestión que debía ventilarse en un juicio declarativo se resolviera en un expediente de jurisdicción voluntaria contra lo dispuesto en nuestros estatutos.

La moción fué declarada sin lugar por orden de 15 de

octubre de 1920 y de esa orden interpuso Víctor P. Martínez y González recurso de apelación para ante esta Corte Suprema.

En la orden apelada consigna el juez que en 25 de abril, 1917, Víctor Primo Martínez y González presentó moción a la corte para que se declarara nula a todos sus efectos legales la resolución de 26 de enero, 1917, cuya moción había sido declarada sin lugar por resolución de mayo 7, 1917, la que en grado de apelación había sido confirmada por esta Corte Suprema en sentencia de enero 30, 1918. Y luego agrega el juez:

"Deseamos decir que las mismas cuestiones de falta de jurisdicción, cosa juzgada, * * * y de que la sentencia de la Corte de Distrito de Mayagüez no puede ser enmendada o adicionada sino en un juicio declarativo son cuestiones ya resueltas por la sentencia del Tribunal Supremo, *Méndez* v. *Martínez,* 26 D. P. R. 96, y no cree la corte deba volver sobre ellas. En cuanto se refiere a que en la petición no se alega el último domicilio del finado, en ella se dice que falleció en San Sebastián de donde era vecino, que forma parte de este distrito judicial, lo que era bastante a falta de objeción. Y en cuanto a que no expresa el interés de los menores y del opositor en la herencia, tampoco es necesario alegarlo en una declaratoria de herederos en que sólo se resuelve el carácter de heredero. El peticionario manifestó también en la vista que el juramento de la petición de Cecilia Méndez era insuficiente por no decirse cuáles hechos le constan de propio conocimiento y de que la resolución de que se trata no le había sido notificada. Es algo tarde para levantar estas cuestiones."

No encontramos en el récord ni la moción de 25 de abril, 1917, ni la orden de mayo 7, 1917, resolutoria de dicha moción, ni tampoco la sentencia de esta Corte Suprema de enero 30, 1918, que confirmó la resolución de mayo 7, 1917; pero como la apreciación del juez no ha sido contradicha en forma debida, tenemos que aceptarla para la decisión del presente recurso, aparte de que también podemos tomar conocimiento judicial de la sentencia que dictó esta Corte Suprema en enero 30 de 1918, confirmando la resolución de

mayo 7, 1917, *Méndez, peticionaria y apelada,* v. *Martínez, opositor y apelante,* 26 D. P. R. 96–104.

En esa decisión dijimos entre otras cosas:

"No es un error fundamental el que la apelada, en representación de sus hijos, registrara en la Corte de Distrito de Aguadilla su petición de declaratoria de herederos. * * * La invocada sentencia de la Corte de Distrito de Mayagüez a favor del apelante, fué dictada *ex parte.* En los presentes procedimientos debe tenerse como cierto que Víctor Martínez y Martínez falleció dentro del Distrito Judicial de Aguadilla y que Aguadilla, más bien que Mayagüez, era la adecuada jurisdicción.

"Un procedimiento *ex parte* en que se ha obtenido una declaratoria de heredero no puede ser considerado como cosa juzgada a tal extremo que una sentencia válida declarando el *status* de unos hijos no pueda ser utilizada para facilitar el que sean declarados herederos además de otro que lo ha sido ya. El fallo declarando el *status* de los hijos tiene una fecha posterior a la sentencia de Mayagüez.

*     *     *     *     *     *     *

"La única cuestión verdaderamente sustancial es si Laura y Angel no tenían derecho a ser declarados herederos de su padre. En otras palabras, la cuestión surge con respecto a si los hijos naturales reconocidos, así debidamente declarados por una corte competente, son herederos de su padre. Para considerar una de las cuestiones subsidiarias diremos que si el *status* de un hijo natural debidamente reconocido es aquel de un heredero, entonces el hecho declarado de ser un hijo natural reconocido le hace un heredero sin ulterior declaración. La muerte del causante en el caso de hijos legítimos les hace inmediatamente herederos. Por analogía, los derechos de los hijos naturales reconocidos, cualesquiera que sean, nacen del hecho de la muerte del padre. Si un hijo tiene que entablar una acción para establecer estos derechos, existe sin embargo un derecho adquirido a tener un *status* o condición determinada por la muerte del padre, y este derecho viene a quedar perfeccionado cuando se dicta la sentencia en favor del hijo natural:

*     *     *     *     *     *     *

"Si, pues, el efecto de una sentencia es poner a un hijo natural reconocido en la misma relativa posición en que se encuentra antes de la declaratoria un hijo legítimo, entonces lo más que puede exigírsele a un hijo natural es que obtenga una declaratoria, como se hizo en este caso. Entre estos hijos naturales y Víctor P. Martínez no

era necesaria una absoluta formalidad, pues él necesariamente tenía conocimiento del hecho legal establecido por la sentencia de enero 19, 1915.  Ningún hecho podía haber quedado más solemnemente establecido.  Pero aparte de esto, creemos que no era necesaria acción alguna de nulidad de una declaratoria anterior para obtener el formal reconocimiento de un derecho posteriormente perfeccionado.  *  *  * No podemos repetir demasiado que el *status* o condición legal de estos hijos quedó establecido por la sentencia de enero 19, 1915, y contra la única persona que tenía un interés contrario tal como fué declarado por la Corte de Distrito de Mayagüez.  La sentencia de enero, 1915, destruyó cualquier efecto que la sentencia de Mayagüez hubiera podido tener en contra de. dichos hijos.  El si eran o no tales herederos, es la única cuestión importante a determinar en esta apelación, y la misma ha quedado decidida en sentido adverso al apelante.''

Y nuestra decisión de enero 30, 1918, fué confirmada en grado de apelación por la Corte de Circuito de Apelaciones para el Primer Circuito de los Estados Unidos, en marzo 10, 1919.

La cuestión sobre nulidad de la resolución de 26 de enero de 1917 ha sido ya resuelta con la categoría de cosa juzgada y esa misma cuestión vuelve a presentarse por Víctor P. Martínez y González bajo la pretensión de que se le exima de los efectos de dicha resolución.  No cabe juzgar nuevamente lo que ya está juzgado o sea que no hay vicio de nulidad en tal resolución, pues como dice muy bien don Joaquín Escriche en su Diccionario de Legislación y Jurisprudencia:

"La cosa juzgada se presume verdadera, y la ley da el carácter de irrevocabilidad, no admitiendo a las partes a probar lo contrario, porque de otro modo los pleitos jamás tendrían fin: Ley 19ª., tit. 22, Partida 3ª.  De aquí viene la máxima del Derecho Romano: *Res judicata pro veritate habetur.*''

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.